UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO CAVIN,  )
 )
        Plaintiff, ) Case No. 1:07-cv-1231
 )
v. ) HON. JANET T. NEFF
 )
PATRICIA L. CARUSO et al., )
 )
        Defendants. )
_____)

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Patricia Caruso, Mary Berghuis, Rick Smith, Bobbi Smith, John Fager and Jeff Minnerick. The Court will serve the complaint against Defendant Barbara Allen.

## Discussion

I.   Factual allegations

Plaintiff is currently incarcerated at Earnest C. Brooks Correctional Facility (LRF). In his *pro se* complaint, he sues Michigan Department of Corrections Director Patricia Caruso and the following LRF employees: Warden Mary Berghuis, Deputy Warden Rick Smith, Assistant Deputy Warden Bobbi Smith, Assistant Resident Unit Supervisor (ARUS) John Fager; Grievance Coordinator Jeff Minnerick and Quartermaster Barbara Allen.

Plaintiff alleges that a memo was posted holding prisoners responsible for their clothing, effective November 1, 2006. In December 2006, Plaintiff "turned in a bag of laundry to be cleaned that was never returned." (Compl. at 3.) Plaintiff alleges that he requested additional clothing from Defendant Allen, but was told that he must pay for the replacement clothes before he would receive them. (*Id.*) Plaintiff alleges that he explained to Defendant Allen that "due to his being denied adequate clothing, he had been cold daily, unable to comfortably sleep, unable to go to yard for more than a few minutes at a time, and have [sic] caught colds twice." (*Id.* at 4.) Plaintiff alleges that he filed a number of grievances between January 26 and February 14, 2007, regarding the requirements of payment for replacement clothes and the enforcement of the memo. (*Id.* 4-5.) These grievances were denied by Defendants Minnerick, Rick Smith and Berghuis. (*Id.*) Plaintiff received an Administrative Hearing on February 22, 2007, "as a result" of filing the grivances. (*Id.* at 5.) The hearing was held by Defendant Fager, who charged Plaintiff $15.72 for the lost items.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A.     Respondeat Superior**

Plaintiff alleges that "the failure of Defendants Caruso, Berghuis, [Rick] Smith and [Bobbi] Smith (as supervisors) to take disciplinary or other actions to curb the pattern of cruel and unusual punishment of Plaintiff" violated Plaintiff's Eighth Amendment rights. (Compl. at 7.) Plaintiff further alleges that Defendants Berghuis, Rick Smith and Minnerick denied grievances filed by Plaintiff. (*Id.* at 4-5.) A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id.*; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has failed to allege that Defendants Caruso, Berghuis, Rick Smith or Bobbi Smith engaged

in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### B. Retaliation

In his complaint, Plaintiff states that he was given an Administrative Hearing held by Defendant Fager on February 26, 2007, addressing the grievances he filed regarding having to pay for the lost clothes. (Compl. at 5.) Plaintiff asserts that in his denial of Plaintiff's grievance, Defendant Minnerick "admitted that Plaintiff received an Administrative Hearing 'as a result' of the grievances filed by Plaintiff . . .Defendants Fager and Minnerick have both participated in retaliating against Plaintiff for filing grievances." (*Id.*) The filing of grievances is constitutionally protected conduct for which a prisoner cannot be retaliated against. *Shehee*, 1999 WL 1029294, at *4. In order to set forth a First Amendment retaliation claim, a plaintiff must establish these elements: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff fails to allege that an adverse action was taken against him. The adverseness inquiry is an objective one, and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendants' conduct is "*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002). The alleged retaliation was that, in response to filing grievances, Plaintiff received an Administrative

Hearing to address those grievances. Plaintiff simply cannot show that having an Administrative Hearing to address his grievances could deter a prisoner from filing grievances. To the contrary, a hearing provides an opportunity for the prisoner to seek redress. The hearing does not become retaliatory in nature simply because the hearing officer fails to find in favor of the prisoner. Therefore, Plaintiff fails to state a retaliation claim.

### C. Due Process

Plaintiff alleges that the prison laundry lost his clothing. Construed liberally, *see Haines*, 404 U.S. at 520, Plaintiff's allegations appear to suggest that he was deprived of this property without due process. Plaintiff's claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part* by *Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized negligent acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-480 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff cannot sustain his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ B (effective Nov. 15, 2004). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; Policy Directive, 04.07.112, ¶ B. Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a). The Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. Accordingly, Plaintiff's claim will be dismissed.

### D.     Eighth Amendment

Plaintiff alleges that Defendant Allen violated his Eighth Amendment rights by refusing to give him appropriate clothing and, thereby, exposing him to "sub-zero temperatures." (Compl. at 2-3.) Plaintiff's allegations against Defendant Allen are sufficient to state a claim. Plaintiff alleges that he explained to Defendant Allen that "due to his being denied adequate clothing, he had been cold daily, unable to comfortably sleep, unable to go to yard for more than a few minutes at a time, and have [sic] caught colds twice." (*Id.* at 4.) Therefore, the Court will serve Plaintiff's Eighth Amendment claim as to Defendant Allen.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Patricia Caruso, Mary Berghuis, Rick Smith, Bobbi Smith, John Fager and Jeff Minnerick will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the summons and complaint against Defendant Barbara Allen.

An Order consistent with this Opinion will be entered.


Dated: January 2, 2008                              /s/ Janet T. Neff
                                                    JANET T. NEFF
                                                    United States District Judge