UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| MARIO CAVIN, # 326204, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:07-cv-1231 |
| | ) | |
| v. | ) | Honorable Janet T. Neff |
| | ) | |
| BARBARA ALLEN, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought by a state prisoner under 42 U.S.C. §1983. Plaintiff is an inmate at the Earnest C. Brooks Correctional Facility (LRF), located in Muskegon Heights, Michigan. Plaintiff named seven defendants in his December 10, 2007 complaint. On January 2, 2008, the court dismissed all plaintiff's claims, with the exception of a single Eighth Amendment claim against LRF's Quartermaster Barbara Allen based on plaintiff's allegations that she had deprived him of adequate clothing. (docket # 11). Plaintiff sued defendant Allen in her official and individual capacities. He requests an award of damages and injunctive relief.

The matter is now before the court cross-motions for summary judgment. (docket #'s 28, 32). Defendant seeks dismissal of plaintiff's claim for damages against her in her official capacity on the basis of Eleventh Amendment immunity. Further, defendant seeks entry of judgment in her favor on the ground that plaintiff has not presented evidence on which a reasonable jury could find an Eighth Amendment violation. The grounds for plaintiff's motion for summary judgment are more difficult to discern. He argues that defendant "cannot show that Plaintiff was not deprived

of his Eighth Amendment Right(s)" (Plaintiff's Brief at ¶ 7, docket # 32), but that has never been the defendant's burden. It is the plaintiff's burden to submit evidence on which a reasonable trier of fact could find an Eighth Amendment violation in order to survive defendant's motion for summary judgment. As is explained in greater detail in the discussion of applicable standards, plaintiff faces a "substantially higher hurdle" on his own motion for summary judgment because he is the party with the burden of proof.

Plaintiff argues that his affidavit and the affidavits of prisoners Anthony Harp and Therez Lee (docket # 32, Attachments) establish that defendant Allen "has, and continues to be 'deliberately indifferent' to inhumane prisoners [sic] Right(s), and Needs, as it relates to providing *adequate* clothing." (Plaintiff's Brief at ¶ 9). Plaintiff's affidavit is considered herein. The affidavits of prisoners Harp and Lee are irrelevant to plaintiff's Eighth Amendment claim against defendant. Harp's affidavit expresses his dissatisfaction with the length of time it took LRF officials to have two pairs of pants repaired. Lee's affidavit complains that his prison account was charged for the cost of replacing Lee's missing clothes. These complaints by prisoners Harp and Lee are not at issue in plaintiff's lawsuit against defendant and have no bearing on his claims.

Federal law plainly prohibits plaintiff from representing other prisoners. Under the provisions of 28 U.S.C. § 1654, a person may prosecute an action either through counsel or *pro se*. A *pro se* litigant, however, is limited to representing himself and may not act in a representative capacity for any other person. *See Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007). "The statute does not permit 'unlicensed laymen to represent anyone else other than themselves.'" *Id.* (quoting *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). The Sixth Circuit

has repeatedly held that *pro se* prisoners may assert only their own claims and cannot represent others. *See, e.g., Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003).

For the reasons set forth herein, I recommend that plaintiff's motion for summary judgment (docket # 32) be denied, that defendant's motion for summary judgment (docket # 28) be granted, and that a final judgment be entered in defendant's favor.

### **Applicable Standards**

When reviewing cross-motions for summary judgment, the court must assess each motion on its own merits. *See Federal Ins. Co. v. Hartford Steam Boiler Inspection & Ins. Group*, 415 F.3d 487, 493 (6th Cir. 2005); *Spectrum Health Continuing Care Group v. Anna Marie Bowling Irrevocable Trust*, 410 F.3d 304, 309 (6th Cir. 2005). "'[T]he filing of cross-motions for summary judgment does not necessarily mean that an award of summary judgment is appropriate.'" *Bowling Irrevocable Trust*, 410 F.3d at 309 (quoting *Beck v. City of Cleveland*, 390 F.3d 912, 917 (6th Cir. 2004), *cert. denied*, 545 U.S. 1128 (2005)); *see Appoloni v. United States*, 450 F.3d 185, 189 (6th Cir. 2006), *cert. denied*, 549 U.S. 1165 (2007).

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *S.S. v. Eastern Ky. Univ.*, 532 F.3d 455, 452 (6th Cir. 2008). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider

all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Helms v. Zubaty*, 495 F.3d 252, 255 (6th Cir. 2007). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252); *see Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 398 (6th Cir. 2007).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). As shown above, the moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the

burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000))*; Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**Proposed Findings of Fact**

On September 28, 2006, LRF's warden posted a memorandum to all prisoners advising them that effective November 1, 2006, all State-issued clothing with the exception of shoes would be required to have the prisoner's number stenciled on them. (docket # 35, Ex. 1). Prisoners were instructed to "kite" the quartermaster to have all state-issued clothing stenciled with their prisoner number. (*Id.*). The warden's memorandum concluded as follows: "Prisoners are reminded that it is their responsibility to ensure that their prison number is legible or they will be held accountable for the loss of the item." (*Id.*; *see* Allen Aff. ¶ 5).

Plaintiff transferred into LRF on November 8, 2006. Approximately one month later, in mid-December 2006,[1] plaintiff requested replacement of several State-issued clothing items. (Allen Aff. ¶ 3). Defendant Allen advised plaintiff that under Policy Directive 04.07.110 (docket # 35, Ex. 3) plaintiff would be required to pay for his lost clothing items. (Allen Aff. ¶ 3).

On January 26, 2007, plaintiff "again came to [Quartermaster Allen] on a laundry exchange call-out." (Allen Aff. ¶ 4). Defendant reiterated that under Policy Directive 04.07.110 plaintiff would be responsible for paying for the lost items. If plaintiff had lacked money in his account to pay for the lost items, his prison account could have been charged at a later date. Plaintiff "again refused to pay for the lost items." (Allen Aff. ¶ 4).

Policy Directive 04.07.110 (docket # 35, Ex. 3) lists the clothing items the State of Michigan provides to all newly committed prisoners. This list includes items such as a winter coat, gloves, hat, five pairs of socks, nine underpants, two pairs of thermal tops and bottoms, etc. (*Id.* at ¶ I). Michigan prisoners are responsible for these items during their incarceration. (*Id.* at ¶ Q). Plaintiff could have avoided the brief delay attendant to an administrative hearing and had the handful of missing items (two pairs of socks, two athletic shorts, two pajama bottoms, and a thermal

---

[1] Defendant Allen's affidavit instructs the court to "see [the] attached MDOC Prisoner Request for State-Issued Items." (Allen Aff. ¶ 3). This form was not attached to defendant's affidavit. Paragraph 4 of Allen's affidavit states that "On January 26, 2007, Plaintiff came *again* to me on laundry exchange call-out," establishing that the initial contact between plaintiff and defendant occurred sometime before January 26, 2007, but not providing an exact date. Plaintiff's affidavit does not supply the missing date. Neither party made plaintiff's December 12, 2006 kite an exhibit. Plaintiff's non-verified complaint is not evidence, but does provide a useful framework indicating that plaintiff's first attempt to contact LRF's quartermaster was the December 12, 2006 kite. (Complaint, ¶ 14). Plaintiff's January 26, 2007 grievance (docket # 29, Ex. 1), states that his December 12, 2006 kite was returned to him because it lacked a signature and that he "re-submitted the kite and was later called out to quarter master [sic] on 1/26/07." (*Id.*). Drawing all inferences in plaintiff's favor, his first contact with defendant regarding the missing clothes occurred in mid-December 2006.

bottom and top) replaced sooner if he had agreed in writing to the removal of funds from his prison account to pay the replacement cost. (*Id.* at ¶ R). Plaintiff refused to pay for the missing items because he did not believe that he was at fault for losing them. (Plf. Aff. ¶¶ 5, 6, 9). Under Policy Directive P.D. 04.07.110 it was necessary to conduct and administrative hearing to determine whether plaintiff was responsible for the loss of the missing clothes and whether restitution should be ordered. (*Id.* at ¶¶ Q, R).

On February 16, 2007, plaintiff received a notice of intent to conduct an administrative hearing. (docket # 29, Ex. 2). On February 22, 2007, a hearing officer conducted a hearing and determined that plaintiff had contributed to the loss of the above-referenced clothing items because he had not placed his prisoner number on the missing clothing. The hearing officer found that an order of restitution was appropriate, and plaintiff's prison account was charged as follows: "1-Thermal Top ($2.41), 1-Thermal Bottom ($2.41), 2 Pajama Bottoms ($2.70 ea), 2 Pair Athletic Shorts ($2.25 ea) and 2 Pair Socks ($0.50 ea) for a total of $15.72." (docket # 29, Ex. 2). Plaintiff was charged 30% of the replacement cost of these items. (*Id.*). The funds were deducted from plaintiff's account and the missing items of clothing were replaced. (Plf. Aff. ¶¶ 9, 13).

Plaintiff's medical records reveal that he did not suffer any exposure-related injuries during or after the two-month period between mid-December 2006 and February 22, 2007 when plaintiff went without the missing clothing items. (docket # 29, Ex. 3).

**Discussion**

I.   **Eleventh Amendment Immunity**

Plaintiff's claim for monetary damages against defendant in her official capacity is barred by Eleventh Amendment immunity. Eleventh Amendment immunity is a threshold issue that should be raised and decided by the trial court. *See Nair v. Oakland County Cmty. Mental Health Auth.*, 443 F.3d 469, 474 (6th Cir. 2006); *accord Lambert v. Hartman*, 517 F.3d 433, 438 (6th Cir. 2008). A suit against a state officer in her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment generally[2] bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). The State of Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004); *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Furthermore, States and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71. Defendant Allen is entitled to judgment in her favor as a matter of law on plaintiff's claim for monetary damages against her in her official capacity.

---

[2] The well-recognized exception to the general rule is an action for prospective, non-monetary relief such as an injunction against a state officer in his or her official capacity based upon a claim that the state officer's action is unconstitutional. *See Ex Parte Young*, 209 U.S. 123 (1908); *see also Edelman v. Jordan*, 415 U.S. 651, 664 (1974); *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005)(*en banc*).

**II.     Qualified Immunity**

Defendant Allen has asserted the defense of qualified immunity. The Supreme Court's decision in *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001), emphasized that the defense of qualified immunity must be addressed in proper sequence. The initial inquiry must be whether the plaintiff has alleged and supported with evidence[3] facts showing that the defendant's conduct violated a constitutional right. *Saucier*, 533 U.S. at 201; *see Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006); *see also Armstrong v. City of Melvindale*, 432 F.3d 695, 699 (6th Cir. 2006)("Whether a constitutional violation occurred is a threshold issue: if the officers' conduct violated no constitutionally protected right, there is no need for further analysis."); *accord Caudill v. Hollan*, 431 F.3d 900, 908 n.5 (6th Cir. 2005)("[D]istrict courts . . . may not assume a constitutional violation or skip to qualified immunity, even when qualified immunity analysis seems conclusive."). I find that plaintiff has not satisfied the threshold constitutional violation requirement.[4]

---

[3]A qualified immunity defense can be asserted at various stages of the litigation, including the summary judgment stage. *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994). The qualified immunity inquiry at the summary judgment stage is distinguished from the Rule 12(b)(6) stage in that generalized notice pleading no longer suffices, and the broader summary judgment record provides the framework within which the actions of each individual defendant must be evaluated. *See Riverdale Mills Corp. v. Pimpare*, 392 F.3d 55, 62 (1st Cir. 2004). At the summary judgment stage, a plaintiff may not rely on his pleadings. Rather, the issue is whether "the plaintiff has offered sufficient evidence to indicate that what the official did was objectively unreasonable in light of the clearly established constitutional rights." *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893, 905 (6th Cir. 2004).

[4]"If, and only if, the court finds a violation of a constitutional right, the next, sequential step is to ask whether the right was clearly established . . . in light of the specific context of the case. *Scott v. Harris*, 127 S. Ct. 1769, 1774 (2007)(internal citation and quotation omitted). This report and recommendation does not reach the second prong of the qualified immunity analysis because no reasonable trier of fact could find a constitutional violation on the record presented. Similarly, in the absence of an underlying constitutional violation, a discussion of plaintiff's request for

Plaintiff's claim that he was temporary deprived of clothing items is a claim regarding the conditions of his confinement. As a prisoner incarcerated under a criminal conviction, plaintiff's principal substantive rights with regard to the conditions of his confinement are guaranteed by the Cruel and Unusual Punishments Clause of the Eighth Amendment. *See Ingraham v. Wright*, 430 U.S. 651, 664 (1977). The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of crimes. The amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). The Eighth Amendment also requires the states to provide prisoners with the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. at 337, 347 (1981). The function of a federal court in a conditions of confinement case is not how best to operate a prison facility, nor to decide what is most desirable to the inmates. *Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985). "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[R]outine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)(quoting *Rhodes*, 452 U.S. at 347); *see Hardin-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008).

Eighth Amendment claims based upon the conditions of a prisoner's confinement must meet both an objective and subjective standard. *See Wilson v. Seiter*, 501 U.S. 294 (1991). Objectively, the condition of confinement complained of must amount to an "extreme deprivation." *Hudson v. McMillian*, 503 U.S. at 8-9; *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). Subjectively, plaintiff must assert facts showing that defendants acted with "deliberate indifference" to a substantial risk. *See Farmer v. Brennan*, 511 U.S. at 834. Plaintiff falls far short of establishing

---

injunctive relief is unnecessary.

a genuine issue of fact for trial upon either component of an Eighth Amendment claim against defendant.

"Extreme deprivations" are required to satisfy the objective component in a conditions-of-confinement case. *Hudson v. McMillian*, 503 U.S. at 8-9; *Hadix*, 367 F.3d at 525. The objective component requires the court "to assess whether society considers the risk complained of to be so grave that it violates contemporary standards of decency to expose <u>anyone</u> unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993). In assessing whether an alleged Eighth Amendment violation on the basis of exposure to cold temperatures satisfies the objective component, courts look to the duration of exposure and totality of conditions contributing to the alleged deprivation. *See Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006); *Palmer v. Johnson*, 193 F.3d 346, 353 (5th Cir. 1999); *Skundor v. Coleman*, No. Civ. A. 5:02-205, 2003 WL 22088342, at * 13 (S.D. W. Va. July 31, 2003). Plaintiff has not submitted evidence that he was subjected to extremely cold temperatures, or that he was exposed to such temperatures for prolonged periods without alternative means to keep warm. While plaintiff may have suffered some discomfort, and he obviously would have preferred it if the State of Michigan had replaced all the missing clothing items immediately without charging his prison account, plaintiff has not presented evidence that it would violate contemporary standards of decency to expose <u>anyone</u> unwillingly to such a risk. He falls far short of creating a genuine issue of fact for trial on the objective component of an Eighth Amendment claim against defendant. *See e.g.*, *Kincaid v. Louma*, No. 2:07-cv-159, 2008 WL 4117202, at * 8 (W.D. Mich. Aug. 29, 2008); *St. James v. Rees*, No. 3:08-cv-P192-S, 2008 WL 3833590, at * 2 (W.D. Ky. Aug. 13, 2008); *Strope v. Cummings*, No. 06-3021, 2008 WL

508698, at * 4 (D. Kan. Feb. 22, 2008); *Clarkson v. Potter County Sheriff's Dep't*, No. 2:02-cv-328, 2004 WL 2866980, at * 3 (N.D. Tex. Dec. 13, 2004).

Plaintiff likewise fails to raise a genuine issue of fact for trial on the subjective component of his claim. The subjective component requires a showing that the prison official possessed a sufficiently culpable state of mind. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. at 837. Thus, "an official's failure to alleviate a significant risk that [s]he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838; *Miller v. Calhoun County*, 408 F.3d 803, 812-13 (6th Cir. 2005). Plaintiff has not presented evidence on which a reasonable trier of fact could find that defendant Allen knew of and disregarded an excessive risk to plaintiff's health or safety.

## Recommended Disposition

For the reasons set forth herein, I recommend that plaintiff's motion for summary judgment (docket # 32) be denied, that defendant Allen's motion for summary judgment (docket # 28) be granted, and that a final judgment be entered in defendant's favor.

Dated:  January 5, 2009            /s/  Joseph G. Scoville
                                    United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).