UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO CAVIN, #326204,

    Plaintiff,

v

BARBARA ALLEN,

    Defendant.

_____/

Case No. 1:07-cv-1231

HON. JANET T. NEFF

## **OPINION**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Barbara Allen, the remaining defendant, filed a motion for summary judgment, arguing that Plaintiff's claim should be dismissed because it is barred by Eleventh Amendment immunity, defendant has qualified immunity, and plaintiff failed to state an Eighth Amendment claim. Plaintiff filed a cross motion for summary judgment arguing that Defendant "cannot show that Plaintiff was not deprived of his Eighth Amendment Rights(s)." The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court deny Plaintiff's motion, grant Defendant's motion, and enter judgment for Defendant for the following reasons: Plaintiff's claims for monetary damages are barred by Eleventh Amendment immunity, Plaintiff has failed to satisfy the threshold constitutional violation requirement to overcome Defendant's Qualified Immunity, and Plaintiff failed to establish either the objective or subjective component of an Eighth Amendment claim.

1

The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Judgment pursuant to FED. R. CIV. P. 58.

Plaintiff first argues that the Magistrate Judge erred in finding that Plaintiff was attempting to represent others by submitting affidavits from prisoners Anthony Harp and Therez Lee (Dkt 32). Plaintiff's argument is without merit. The Magistrate Judge properly determined that the affidavits had no bearing on Plaintiff's claims and that, to the extent that Plaintiff was attempting to represent those prisoners, he was unable to do so.

Plaintiff's next two objections are to several findings of fact by the Magistrate Judge. Plaintiff simply disagrees with the Magistrate Judge's findings but his analysis does not reveal any mistakes that would affect the legal conclusion.

Fourth, Plaintiff objects to the Magistrate Judge's use of Plaintiff's medical records to demonstrate that Plaintiff did not suffer any exposure-related injuries. Plaintiff argues that an unreasonable risk of serious damage to his future health is sufficient to state a claim and therefore the fact that he suffered no injury during the time he was without the missing clothing is irrelevant. Plaintiff's claim is without merit. Plaintiff at no point in his complaint alleges that his exposure to the cold could potentially result in "serious damages to his future health." It is entirely appropriate for the Magistrate Judge to look at all of the facts relevant to determining whether a prisoner has been subjected to cruel and unusual punishment. Whether the prisoner had suffered any injuries related to the challenged conduct is certainly relevant to that question.

Plaintiff's fifth objection is to the Magistrate Judge's analysis of Defendant's Eleventh Amendment Immunity. Plaintiff argues that the Magistrate Judge erred in not discussing his claim for injunctive relief when discussing Defendant's immunity in her official capacity. Plaintiff's objection is misplaced. The Magistrate Judge properly addressed Defendant's immunity from a claim for monetary damages. The Magistrate Judge found it unnecessary to analyze Plaintiff's claim for injunctive relief because Plaintiff failed to establish a constitutional violation at all.

Sixth, Plaintiff objects to the Magistrate Judge's "partial citing" of relevant case law. Plaintiff argues that a more complete citation of the cases would have shown support for his claim. Plaintiff's argument is without merit. The Magistrate Judge properly cited the relevant case law and no language the Plaintiff proffers for inclusion changes the legal analysis or the outcome of this case.

Seventh, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff has failed to establish a genuine issue of fact for trial upon either component of an Eighth Amendment claim. Plaintiff reiterates his argument that he has indeed established genuine issues of fact but presents no persuasive reason from which this Court could conclude the Magistrate Judge's decision is incorrect.

Eighth, Plaintiff objects to the Magistrate's observation that Plaintiff submitted no evidence that Plaintiff was subjected to extremely cold temperatures or that he was exposed to such temperatures for prolonged periods of time. Plaintiff's objection is without merit. The Magistrate Judge accurately observed that Plaintiff submitted no such evidence.

Ninth, Plaintiff objects to the Magistrate Judge's determination that Plaintiff only suffered "some discomfort." Plaintiff again argues that his claim demonstrates a "blatant disregard for humane treatment of prisoners." Plaintiff suggests that *Gordon v. Faber*, 800 F. Supp 793 (N.D.

Iowa, 1992), supports his contention that mere discomfort can support a claim for cruel and unusual punishment. Plaintiff's reading of *Gordon* is incorrect. Plus, *Gordon* is clearly distinguishable on the facts. The Magistrate Judge properly concluded that, while Plaintiff may have suffered some discomfort, he "has not presented evidence that [his treatment] would violate contemporary standards of decency" (Report & Recommendation at 11).

Finally, Plaintiff objects to the Magistrate Judge's determination that Plaintiff has not presented evidence on which a reasonable trier of fact could find that Defendant Allen knew of and disregarded an excessive risk to Plaintiff's health or safety. Plaintiff's argument is without merit. Plaintiff again cites case law that he argues supports his argument, yet the cases he cites are clearly distinguishable on their facts. The Magistrate Judge properly concluded that Plaintiff did not present evidence on which a reasonable trier of fact could find that Defendant Allen knew of and disregarded an excessive risk to Plaintiff's health or safety.

For these reasons and because this action was filed *in forma pauperis*, this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Opinion and Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997)

Judgment will be entered consistent with this Opinion.


Dated: March 9, 2009                              /s/ Janet T. Neff
                                                  JANET T. NEFF
                                                  United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO CAVIN, #326204,

    Plaintiff,                                    Case No. 1:07-cv-1231

v                                           HON. JANET T. NEFF

BARBARA ALLEN,

    Defendant.
_____/

## JUDGMENT

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that the Objections (Dkt 44) are DENIED and the Report and Recommendation (Dkt 37) is APPROVED and ADOPTED as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt 32) is DENIED and Defendant's Motion for Summary Judgment (Dkt 28) is GRANTED and Judgment is entered against Plaintiff and in favor of Defendant.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Request for Production of Documents (Dkt 41) and Motion to Appoint Counsel (Dkt 45) are DENIED as moot.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Date: March 9, 2009                                               /s/ Janet T. Neff
                                                                JANET T. NEFF
                                                                 United States District Judge